

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00384-CR

DENNIS STEPHEN MCCARDLE A/K/A DENNIS STEVE MCCARDLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12345, Honorable Ralph H. Walton, Jr., Presiding

March 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Dennis Stephen McCardle was convicted of felony theft by a jury. After pleading true to two enhancements, he was sentenced to twenty years confinement and a fine of $1,500.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit. Along with his brief, counsel filed a copy of a

---

[1] *Anders v. California*, 386 U.S. 738, 744-45m 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

letter sent to appellant informing him of 1) counsel's belief that there was no reversible error and 2) appellant's right to appeal *pro se*. Appellant acknowledged receipt of counsel's letter and twice moved for an extension of time to submit a *pro se* response. He alleged that the trial court clerk would not provide him a copy of the record. We granted the motions and instructed counsel to provide appellant with both the clerk's and reporter's records. Appellant received the clerk's record but represents that he never received the reporter's record. This court directed counsel to forward the entire record to his client, and we received a copy of a letter from counsel indicating that was done twice. Apparently the first attempt resulted in the mailing being returned; the second did not. Appellant has not asked for another extension.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas of appeal including jury selection, objections to the evidence, the sufficiency of the evidence, and the punishment assessed. However, he then explained why the issues lack merit.

Appellant also raised issues related to 1) the sufficiency of the evidence to show that he had the permanent intent to deprive the owner of property or to commit a crime, and 2) the propriety of the entry of a judgment with an incorrect cause number. As to the first, a Walmart loss prevention manager testified he observed appellant put a can of automobile air conditioning refrigerant in the front of his pants and exit the store without paying. A video corroborates some of the testimony. This evidence is sufficient to permit a rational jury to find beyond a reasonable doubt that appellant unlawfully appropriated property with the intent to deprive the owner. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2013). As to the second, the original judgment in the clerk's

2

record shows the cause number to be 123345 although one of the threes has a slash mark through it. A judgment *nunc pro tunc* was entered to correct the cause number and to correct an incarceration date. The second judgment also shows the cause number to be 123345 with one of the threes having a slash mark through it. We believe both judgments show the correct cause number by the use of the slash mark. However, we also note that an incorrect cause number may be forfeited by the failure to object to the trial court. *Haagensen v. State*, 346 S.W.3d 758, 767 (Tex. App.— Texarkana 2011, no pet.) (with respect to an incorrect cause number on a jury verdict). Moreover, an appellate court has the power to reform an incorrect judgment, *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992), so it would not serve as a ground for reversal.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Schulman v. State*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991). In doing so, we noticed that the judgment assessed court costs in the amount of $1,974 against appellant. The bill of costs indicates that the $1,974 sum is comprised of attorney's fees in the amount of $1,650. However, there is no evidence of record indicating a change in appellant's status as an indigent. Such is required before an indigent defendant may be assessed attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay those fees, *Mayer v. State*, 309 S.W.3d at 556, the proper remedy is to delete attorney's fees from the bill

3

of costs and any ensuing order permitting withdrawals from appellant's inmate account. *Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013).

Accordingly, the judgment is modified to reflect the accurate trial court cause number of No. CR12345 and affirmed as modified. The bill of costs and the order to withdraw funds from appellant's inmate trust account are modified to delete the requirement that appellant pay $1,650 in court-appointed attorney's fees. That is, the sum specified in the order of withdrawal is reduced by $1,650. The motion to withdraw is granted.

Per Curiam

Do not publish.